Harry Goffe
vs.
Brewer & Co., Inc. } No. 89859.

December 23, 1932.

SUMNER, J. This matter was heard on demurrer to the declaration. The declaration in substance says that the defendant sold some sulphuric acid to the International Braid Company and caused it to be shipped in a glass carboy enclosed in a crate to the premises of the purchaser. The plaintiff, an employee of the purchaser, assisted the carrier in removing the sulphuric acid from the carrier's truck. While he was so engaged the glass carboy slipped out of a defective crate and fell to the ground, splashing the plaintiff and severely injuring him.

The demurrer is based on the ground that there was no privity of contract between the plaintiff and the defendant shown in the declaration, and cites the case of McCaffrey vs. Mossberg, &c., 23 R. I. 381.

The Court in that case says: "Cases which involve the liability of a defendant to those with whom he does not stand in privity of contract may be grouped into three classes: 1: Where the thing causing the injury is of a noxious or dangerous kind. 2: Where the defendant has been guilty of fraud or deceit in passing off the thing. 3: Where the defendant has been negligent only in some respects with reference to the sale or construction of a thing not imminently dangerous."

The Court held that cases coming within the first two classes could be properly brought but not those coming within the third class.

The Court further said that the principle which governs the first class of cases is that one who deals with an imminently dangerous article owes a public duty to all to whom it may come and whose lives may be endangered thereby, to exercise caution adequate to the peril involved.

The defendant claims that sulphuric acid does not come under the first class and hence that the plaintiff has no cause of action.

The Court feels that the instant case comes within the first class. Sulphuric acid, according to the Standard Dictionary, attacks and decomposes almost everything with which it comes in contact, including metals.

> Also see McHugh vs. Payton & Williams, 43 R. I. 170.

Demurrer overruled.

For plaintiff: Hinckley, Allen, Tillinghast, Phillips & Wheeler.

For respondent: Comstock & Canning.